UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY MILLER,

    Plaintiff,

v.                          CASE NO: 8:10-cv-2905-T-33TGW

CENTRAL FLORIDA CANCER INSTITUTE,
P.A., and RANDY HEYESEK,

    Defendants.
_____/

### **ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. # 27), which was filed on October 27, 2011. For the reasons that follow, the Court grants the Motion and dismisses this case with prejudice.

**I.**   **Background**

Miller initiated this action by filing her complaint against Defendants on December 27, 2010. (Doc. # 1). On February 22, 2011, Miller filed an amended complaint (Doc. # 9) alleging that Defendants failed to pay her overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. Defendants filed an answer and affirmative defenses on March 23, 2011. (Doc. # 13).

The Court entered its FLSA Scheduling Order on January 31, 2011. (Doc. # 5). On February 15, 2011, Miller filed her answers to the Court's interrogatories. (Doc. # 8). Defendants

filed a verified summary of Miller's wages and hours on March 2, 2011. (Doc. # 12).

On April 28, 2011, and May 13, 2011, the parties filed status reports indicating that they held settlement conferences, but were not able to reach a compromise. (Doc. # 15, 16). The parties filed a Case Management Report on May 13, 2011 (Doc. # 17), and the Court issued its Case Management and Scheduling Order (Doc. # 19) and Order referring case to mediation (Doc. # 20) on June 7, 2011, and June 8, 2011, respectively. On October 20, 2011, Miller filed a notice of settlement. (Doc. # 26). On October 27, 2011, the parties requested Court approval of the settlement. (Doc. # 27).

## II. Analysis

Miller alleges that Defendants violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, the parties have reached a settlement wherein it is agreed that Miller will receive $2,000.00 for unpaid wages and her attorneys will receive $2,500.00 for attorneys' fees and costs.

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There,

the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Upon due consideration of the aforementioned authorities, as well as the oft-cited factors set forth in Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974), the Court determines that the settlement reached is fair and reasonable. The issue of attorneys' fees was negotiated separately from the merits of Miller's unpaid wages. Further, Defendants agrees to the amount requested.

Accordingly, the Court approves the compromise reached by

the parties in an effort to amicably settle this case. The settlement is a fair and reasonable compromise of the parties' dispute, and the case is dismissed with prejudice.

Accordingly, it is

**ORDERED ADJUDGED and DECREED** that**:**

(1) The parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. # 27) is **GRANTED.**

(2) The parties' settlement is approved. This case is dismissed with prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of October, 2011.

*(signature)*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record